CLEMENT S. ROBERTS (CA SBN 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

TRAVIS JENSEN (CA SBN 259925)
tjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

ERIC ROMAN (*pro hac vice*)
eroman@orrick.com
ANGELA COLT (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

*Attorneys for Defendants*
TIDALSCALE, INC., ISAAC NASSI,
and DAVID P. REED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCALEMP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TIDALSCALE, INC., ISAAC NASSI, and DAVID P. REED,<br><br>Defendants. | Case No. 3:18-cv-04716-EDL<br><br>**DEFENDANT TIDALSCALE, INC.'S ANSWER AND DEFENSES TO SCALEMP, INC.S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Elizabeth D. Laporte<br>Filed: August 6, 2018 |

Defendant TidalScale, Inc. ("TidalScale"), hereby answers the complaint of Plaintiff ScaleMP, Inc. ("Plaintiff" or "ScaleMP").

**GENERAL DENIAL**

TidalScale denies all allegations of Plaintiff's complaint (ECF No. 1, the "Complaint") that are not specifically admitted herein. The numbered paragraphs of this Answer correspond to the paragraphs as numbered in the Complaint. With respect to the headings that are used in the Complaint to group paragraphs, TidalScale responds generally that such headings and groupings are conclusions of law or otherwise non-factual, and TidalScale accordingly denies all allegations made or implied by such headings or groupings.

**SPECIFIC RESPONSES**

In answer to the separate numbered paragraphs of the Complaint, TidalScale states as follows:

**PARTIES**

1. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

2. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

3. Admitted.

4. Admitted.

5. TidalScale admits that Dr. David Reed is domiciled in Needham, Massachusetts and that he is Chief Scientist at TidalScale. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

**JURISDICTION AND VENUE**

6. TidalScale admits that this Court has subject matter jurisdiction as to the patent infringement claims against TidalScale (under 28 U.S.C. §§ 1331 and 1338(a)) and the federal trade secret claim against TidalScale (under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*). To the extent a response is required regarding subject matter jurisdiction as to any other

claim that is not asserted against TidalScale, TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

7. TidalScale admits that this Court has supplemental jurisdiction as to ScaleMP's state law claim against TidalScale. To the extent a response is required regarding supplemental jurisdiction as to any other claim or party, TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

8. TidalScale admits that TidalScale has its principal place of business in California. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

9. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

10. This Court ruled that it does not have personal jurisdiction over Dr. Reed in this case and dismissed him from the case. *See* D.I. 47. On that basis, TidalScale denies the allegations as to personal jurisdiction over Dr. Reed. TidalScale admits that it is headquartered in California and that Dr. Reed joined TidalScale. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

11. For purposes of this action only, TidalScale admits that venue is proper in this judicial district as to TidalScale. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

## FACTUAL ALLEGATIONS

12. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

13. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

14. TidalScale admits that Figure 1 of the '801 Patent is depicted in paragraph 14. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

15. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

16. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

17. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

**THE ORIGINS OF THE ACCUSED PRODUCTS**

18. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

19. TidalScale admits that Dr. Nassi is currently the founder, Chairman of the Board, and Chief Technology Officer of TidalScale. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

20. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

21. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

22. TidalScale admits that Exhibit D to the complaint is a document entitled "Mutual Non-Disclosure Agreement" bearing signatures that purport to be the signatures of SAP employees or personnel. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

23. TidalScale admits that Exhibit D contains the language quoted in paragraph 23. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

24. TidalScale admits that Exhibit D contains the language quoted in paragraph 24.

TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

25. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

26. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

27. TidalScale admits that Exhibit E to the complaint is a document entitled "End User License Agreement." TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

28. TidalScale admits that Exhibit E contains the language quoted in paragraph 28. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

29. TidalScale admits that Exhibit E contains the language quoted in paragraph 29. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

30. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

31. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

32. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

33. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

34. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

35. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

36. TidalScale lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph, and on that basis denies the allegations.

37. Admitted.

38. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

39. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

40. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what Mr. Fultheim heard via rumor or otherwise, and on that basis denies those allegations. TidalScale admits that Dr. Nassi received a written communication from Mr. Fultheim on March 18, 2013, in which Mr. Fultheim wrote "Congrats for the new initiative (TidalScale). I wonder how you would position TidalScale vs. ScaleMP. Thought are welcome." TidalScale admits that the quoted language appears in Dr. Nassi's email response to Mr. Fultheim's March 18, 2013 communication. TidalScale denies the remaining allegations.

41. TidalScale admits that on August 16, 2013, Dr. Nassi agreed to telephone Mr. Fultheim and that he spoke to Mr. Fultheim on or about that date. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

42. TidalScale admits that Dr. Reed joined TidalScale and is Chief Scientist. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

43. TidalScale admits that it began marketing, licensing and publicly demonstrating its software in 2016. Tidalscale denies the remaining allegations.

44. TidalScale admits that it makes and license software called the TidalScale Hyperkernel. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what ScaleMP or its attorneys will be providing during discovery, the status or future progress of ScaleMP's investigation, and what ScaleMP intends by its allegations of infringement, and on that basis denies those allegations. TidalScale

denies the remaining allegations.

45. Denied.

46. TidalScale admits that the language quoted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

47. TidalScale admits that image depicted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

48. TidalScale admits that image depicted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

49. TidalScale admits that image depicted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

50. TidalScale admits that image depicted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

51. TidalScale admits that image depicted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

52. TidalScale admits that the language quoted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

53. TidalScale admits that the language quoted in this paragraph appears in certain of TidalScale's marketing materials. TidalScale denies the remaining allegations.

54. Denied.

55. TidalScale admits that it began marketing, licensing and publicly demonstrating its software products in 2016. TidalScale admits that from June 2016 to the present TidalScale has made announcements concerning its sales and industry partnerships with a variety of companies, including IBM, Ubuntu, TIBCO, OrionVM, Oracle and NCS. TidalScale denies the remaining allegations.

56. TidalScale admits that TidalScale has made updates to its software products since it began licensing and marketing them in 2016. TidalScale the remaining allegations.

57. Denied.

58. Denied.

**COUNT ONE: INFRINGEMENT OF THE '004 PATENT**
**(As to Defendant TidalScale)**

59. TidalScale admits that U.S. Patent No. 8,544,004 (the "'004 patent"), is entitled "Cluster-Based Operating System-Agnostic Virtual Computing System," bears an issuance date on its face of September 24, 2013, and lists Shai Fultheim, Herb Zlotogorski, and Yaniv Romem as inventors. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**COUNT TWO: INFRINGEMENT OF THE '692 PATENT**
**(As to Defendant TidalScale)**

69. TidalScale admits that U.S. Patent No. 8,832,692 (the "'692 patent"), is entitled "Cluster-Based Operating System-Agnostic Virtual Computing System," bears an issuance date on its face of September 9, 2014, and lists Shai Fultheim, Herb Zlotogorski, and Yaniv Romem as inventors. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**COUNT THREE: INFRINGEMENT OF THE '801 PATENT**
**(As to Defendant TidalScale)**

79. TidalScale admits that U.S. Patent No. 9,020,801 (the "'801 patent"), is entitled "Cluster-Based Operating System-Agnostic Virtual Computing System," bears an issuance date on its face of April 28, 2015, and lists Shai Fultheim, Herb Zlotogorski, and Yaniv Romem as inventors. TidalScale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies the allegations.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

**COUNT FOUR: VIOLATION OF THE DEFEND TRADE SECRET ACT,**
**18 U.S.C. § 1836 *ET SEQ.***

89. Denied.

90. Denied.

91. Denied

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

**COUNT FIVE: VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRET ACT, CAL. CIV. CODE § 3426 *ET SEQ.***

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

**DEMAND FOR JURY TRIAL**

TidalScale acknowledges that ScaleMP demands a jury trial. TidalScale demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

TidalScale denies that Plaintiff is entitled to the judgment and relief requested in the Prayer for Relief set forth in the complaint.

**DEFENSES**

TidalScale has not completed his investigation of this case, has not completed discovery, and has not completed his preparation for trial. The defenses TidalScale asserts herein are based on TidalScale's current knowledge, information, and beliefs. TidalScale reserves the right to

modify, amend, or supplement any defense set forth herein at any time. Without conceding that it bears the burden of proof as to any of the following defenses, TidalScale asserts the following separate defenses to the complaint:

**FIRST DEFENSE**
(Failure to State a Claim)

1. Plaintiff's complaint, and each claim contained therein against TidalScale, fails to state a claim on which relief may be granted.

**SECOND DEFENSE**
**(Non-Infringement)**

2. TidalScale has not infringed and does not infringe, directly or indirectly, any claim of the '004 patent, the '692 patent, or the '801 patent (collectively, the "Asserted Patents"), literally or under the doctrine of equivalents.

**THIRD DEFENSE**
**(Invalidity)**

3. One or more of the claims of the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. For instance, at least claim 1 of each Asserted Patent is invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 in view of U.S. Patent 5,991,893 to Snider ("Snider"), alone or in combination with other prior art. Snider teaches a "computer system [with] a layer of software between the operating system and the hardware" that "uses shared memory allocation functions as the interface with the operating system" and "hides the complexities of the underlying hardware and memory sharing, and presents a simpler view of the hardware as a single system to the operating system that resides above it." *See* Snider at Abstract. Snider issued Dec. 29, 2005 and qualifies as prior art to the Asserted Patents at least under 35 U.S.C. § 102(b).

**FOURTH DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

5. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that issued as the Asserted Patents and/or the

application(s) to which the Asserted Patents claim priority, ScaleMP is precluded or otherwise estopped from asserting that any claim of the Asserted Patents cover, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, or offered for sale in the U.S., or imported into the U.S., by TidalScale.

6. For instance, in the February 5, 2009 office action response in the ’801 patent’s file history, the patent applicant distinguished the prior art by stating that “multiple virtual machine implements” which work cooperatively together “would necessarily still be strongly interdependent, and not separate and independent as recited in the amended claims.”

**FIFTH DEFENSE**
**(Lack of Notice)**

7. TidalScale did not receive an allegation of infringement of the Asserted Patents prior to service of the Complaint. For at least this reason, TidalScale could not have, and did not, indirectly infringe such patent(s) prior to service of the Complaint.

8. TidalScale did not have notice of the Asserted Patents prior to service of the Complaint. For at least this reason, TidalScale could not have, and did not, willfully infringe any such patent(s) prior to service of the Complaint.

**SIXTH DEFENSE**
**(Limitation OF Damages)**

9. ScaleMP’s claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

**SEVENTH DEFENSE**
(Statute of Limitations)

10. Plaintiff’s claims against TidalScale are barred in whole or in part by the applicable statute of limitations. ScaleMP was on notice of circumstances that would lead a reasonable person to investigate claims as least as of March 18, 2013, when Mr. Fultheim wrote Dr. Nassi to congratulate him on the Tidalscale initiative and asked how Dr. Nassi would position TidalScale vs. ScaleMP. In addition, at least as of April 2014, Dr. Nassi had given public presentations at industry conferences describing TidalScale’s software and its features, which also have would have led a reasonable person in ScaleMP’s circumstances to investigate claims

against TidalScale.

**EIGHTH DEFENSE**

(No Entitlement to Injunction or Enhanced Damages)

11. Plaintiff is not entitled to injunctive relief or enhanced damages from TidalScale because it failed to plead the required elements for such relief and because Plaintiff has an adequate remedy at law for any alleged injury.

**NINTH DEFENSE**

(No Trade Secret)

12. Plaintiff's claims against TidalScale are barred in whole or in part because the generic information that ScaleMP alleges is trade secret (*see*, *e.g.*, Complaint, ¶¶ 54-58, ScaleMP, Inc.'s Schedule of Disclosed Trade Secrets dated January 22, 2019) was generally known or readily available to the public at or before the alleged misappropriation in publicly available printed publications and patents, including patents that Plaintiff purports to own such as U.S. Pat. Nos. 8,544,004; 8,832,692, and 9,020,801. Plaintiff's claims against TidalScale are barred in whole or in part because the alleged trade secrets or confidential information have no independent economic value.

**TENTH DEFENSE**

(No Misappropriation; 3rd Party Beneficiary; Independent Development)

13. Plaintiff's claims against TidalScale are barred in whole or in part because TidalScale did not misappropriate any alleged trade secret information. Plaintiff provided its allegedly trade secret information to SAP, where Dr. Nassi and Dr. Reed were employed, pursuant to a mutual non-disclosure agreement ("NDA," Ex. D to Plaintiff's Complaint) between SAP and Plaintiff that allowed for the sharing of confidential information with SAP employees such as Dr. Nassi and Dr. Reed. Dr. Nassi, Dr. Reed, and others at TidalScale, independently developed the TidalScale software at issue. To the extent that Dr. Nassi or Dr. Reed learned, retained, disclosed, or used any allegedly confidential or trade secret information from Plaintiff after the time they left SAP, TidalScale is a 3rd party beneficiary of the NDA agreement (¶ 6) which states:

> [E]ither party shall be free to use for any purpose the residuals (defined below) resulting from access to or work with Confidential Information disclosed hereunder. The term "residuals" means information in non-tangible form which may be retained in the unaided memory by persons who have had access to the Confidential Information so long as such persons have not studied the information for the purpose of replicating the same from memory."

**ELEVENTH DEFENSE**

(Equitable Estoppel, Laches, and/or Waiver)

14. Plaintiff's claims against TidalScale are barred in whole or in part under the doctrine of equitable estoppel, laches, and/or waiver. On information and belief, Plaintiff knew or reasonably should have known, at least as of 2013, of the facts and circumstances which it now alleges give rise to trade secret misappropriation claims against TidalScale, including that Dr. Nassi was starting TidalScale. For instance, Mr. Fultheim (Plaintiff's CEO) wrote Dr. Nassi on March 18, 2013 to congratulate him on the Tidalscale initiative and asked how Dr. Nassi would position TidalScale vs. ScaleMP. In addition, at least as of April 2014, Dr. Nassi had given public presentations at industry conferences describing TidalScale's software and its features, which also have would have led a reasonable person in ScaleMP's circumstances to investigate claims against TidalScale. On information and belief, Plaintiff intentionally misled TidalScale through its silence to continue pursuing its development work. Now, after an unreasonable delay of more than 5 years later, Plaintiff is bringing its trade secret claims against TidalScale. Such claims are barred in whole or in part under the doctrine of equitable estoppel, laches, and/or waiver.

Dated: March 20, 2019

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Clement S. Roberts*

CLEMENT S. ROBERTS
Attorneys for Defendant
TIDALSCALE, INC.